PERRY N. BURKHART ET AL *v.* BILLY DON WATSON
ET UX

5-5100                                   448 S. W. 2d 954

Opinion delivered January 19, 1970

*Harold C. Rains, Jr.,* for appellants.

*Robinson & Booth,* for appellees.

CONLEY BYRD, Justice. This is a boundary dispute between appellants Perry N. Burkhart, Mary I. Burkhart, and Donnie S. Burkhart and appellees Billy Don Watson and Peggy Watson, his wife. The boundary involved is the north-south half section line between the NE¼ of the SW¼ and the NW¼ of the SE¼ in Sec. 27, T 10 N, R 31 W. Appellants introduced as witnesses Ben Taylor, Jr. a forest ranger and former owner of the property; Jack Carney, a business man and farmer who owns land adjoining appellants' property on the south; Elmer Kelly, who formerly owned the land in question; Homer Bourland, a former county surveyor; Dominic Leraris, a professional engineer and land surveyor, and appellant Perry N. Burkhart. All of these witnesses located the southwest corner of

appellants' tract at or close to 4 or 5 gum trees, lining up with a drainage ditch on the west side of the Carney property. Appellees on the other hand introduced as witnesses Clovis Satterfield, the Crawford County surveyor, whose survey ran some 30 or 40 feet east of the gum trees; Don Wofford, a prior owner of appellees' property who testified about the location of an old road; and Edward Kelly, a brother of appellants' witness Elmer Kelly, who testified that his father dug the drainage ditch so often referred to, and dug it west of the north-south boundary line between the two quarter sections. The learned Chancellor, after hearing the testimony and viewing the premises, wrote a memorandum opinion explaining his understanding of the parties' contentions, why the controversy arose, and found the facts contrary to appellants' views and in favor of appellees. On the record here made, we are not in a position to say that the Chancellor's findings are contrary to a preponderance of the evidence.

Appellants also contend that the Chancellor erred in failing to recognize an old fence as the boundary line by long acquiescence. As we read the testimony of the surveyors both for appellants and appellees, the area involved is not fenced. There is a fence commencing at the center of the section which was described by surveyors Leraris and Satterfield as being on the line for a part of the distance but then veering off to the west. Therefore since the witnesses admit that there is no fence between the boundaries of the two properties involved and since the surveyors recognized that at some point the fence commencing at the center of the section veered off to the west, we are not in a position to say that the trial court erred in failing to recognize the fence line, as it existed, as a boundary.

Appellants also urge that the Satterfield survey is contrary to those made by other surveyors, according to the testimony of the witnesses. The record does not show the other surveys or under what circumstances

they were made. It appears to us that the location of the boundary was at most a fact question and on the total evidence we are unwilling to say that the Chancellor's finding is contrary to the preponderance of the evidence.

Affirmed.